# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRODERICK K. HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV01246 ERW |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Broderick K. Hawkins (registration no. 528853) for leave to commence this action without payment of the required filing fee [ECF No. 2]. For the reasons stated below, the Court finds that petitioner does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and petitioner will be assessed an initial partial filing fee of $2.05. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of petitioner's "Motion pursuant to Federal Rules of Civil Procedure 60(b)," the Court will order petitioner to show cause why this action should not be dismissed as time-barred.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his motion. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $10.25, and an average monthly account balance of $.25. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.05, which is 20 percent of plaintiff's average monthly balance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**Background**

On April 17, 1997, a jury convicted petitioner of first degree murder, first degree assault, and two counts of armed criminal action. *See State v. Hawkins*, 973 S.W.2d 179, 180 (Mo. Ct. App. E.D. 1998). He was sentenced on May 29, 1997, to four consecutive terms of life without parole. On direct appeal, the Missouri Court of Appeals for the Eastern District of Missouri modified petitioner's sentence to correct a technical matter, but affirmed the judgment of conviction in all other respects. *Id*. Petitioner next sought relief from the state trial court's judgment pursuant to Rule

-3-

29.15 of the Missouri Rules of Criminal Procedure. The Missouri Court of Appeals affirmed the denial of his Rule 29.15 motion on November 21, 2000. *See Hawkins v. State*, 34 S.W.2d 835 (Mo. Ct. App. E.D. 2000). Petitioner's motion for rehearing and/or transfer to the Missouri Supreme Court was denied on January 17, 2001. *Id.*

In addition to his direct appeal and Rule 29.15 motion, petitioner filed a petition for writ of habeas corpus pursuant to Rule 91 of the Missouri Rules of Civil Procedure. Petitioner states that the Rule 91 action was dismissed without an evidentiary hearing on November 2, 2001.

The Court's records indicate that petitioner filed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 30, 1997. *See Hawkins v. St. Louis Cnty. Circuit Court*, 4:97-CV-1142-ERW (E.D. Mo.). The Court dismissed the case without prejudice on June 18, 1997, for failure to exhaust state remedies.

Petitioner filed his second § 2254 petition for writ of habeas corpus on May 30, 2002. *See Hawkins v. Luebbers*, 4:02-CV-793-ERW (E.D. Mo.). The Court denied habeas relief on January 24, 2003, on the ground that the action was time-barred. On March 24, 2003, the United States Court of Appeals for the Eighth Circuit denied petitioner a certificate of appealability. *Id.* On February 12 and April 1, 2003, this Court denied petitioner's motions for relief from alleged mistakes in calculating the timeliness issue in the Court's January 24 Order. Thereafter, on August 31, 2012, this

Court denied petitioner's Rule 60(a) motion for relief, after noting that the motion was actually a motion for reconsideration of the Court's finding that his habeas petition was time-barred.

Petitioner filed his third § 2254 petition for writ of habeas corpus on October 14, 2004. *See Hawkins v. Purkett*, 4:04-CV-1416-ERW (E.D. Mo.). This Court denied habeas relief on November 17, 2004, finding that the action was untimely. On February 14, 2005, the Eighth Circuit denied petitioner a certificate of appealability.

## The Rule 60(b) Motion

Petitioner brings this Rule 60(b) motion seeking relief from this Court's aforementioned January 24 and February 12, 2003 Orders, entered in *Hawkins v. Luebbers*, 4:02-CV-793-ERW (E.D. Mo.). Petitioner claims that there was a "mistake in calculating time stopped arising from excusable neglect." As such, the Court will liberally construe the instant motion as having been brought pursuant to Rule 60(b)(1), which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect.

-5-

*See also Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (petitioner may bring a Rule 60(b) motion when he merely asserts that a previous ruling which precluded a merits determination was in error, for example, a statute-of-limitations bar).

Relevant to the case at bar is the fact that there is a time limit for filing a motion under Rule 60(b)(1). Specifically, Rule 60(c)(1) states that a motion filed under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." In the instant action, however, more than ten years have lapsed since the entry of the January 24 and February 12, 2003 Orders. As such, the Court will instruct petitioner to show cause why this action should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall pay an initial partial filing fee of $2.05 within thirty (30) days from the date of this order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant action as time-barred. Petitioner's failure to file a show cause response shall result in the dismissal of this action as time-barred.

So Ordered this 16th day of September, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE